UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:93-cr-304-T-23TGW
    8:16-cv-1656-T-23TGW

HENRY FRANCIS
_____/

**O R D E R**

Francis moves to vacate under 28 U.S.C. § 2255 (Doc. 1) and challenges the validity of his convictions both for conspiring to kill a federal official and for using interstate commerce facilities in the commission of a murder for hire, for which offenses he is imprisoned for life. Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*). Francis's motion is barred.

Francis challenged this same conviction in an earlier action, 8:99-cv-732-T-23MAP, which was denied on the merits. (Docs. 400 and 453 in 93-cr-304) Both the district court and the circuit court declined to issue a certificate of appealability. (Docs. 458 and 460) In 2007 Francis filed another motion to vacate, which was dismissed as an unauthorized second or successive motion (Docs. 474 and 475), in 2013 another motion was dismissed as authorized (Docs. 505 and 507), and again in 2014 another motion was dismissed as authorized. (Docs. 508 and 510) On April 1, 2016, the circuit court denied Francis leave to file a second or successive motion. (Doc. 511) Undaunted, Francis files another motion to vacate without first obtaining the requisite authorization from the circuit court.

Francis is precluded from pursuing a second or successive motion without authorization from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). A district court lacks jurisdiction to review a second or successive motion

without the requisite authorization from the circuit court. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Francis asserts entitlement to the retroactive application of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Recently *Welch v. United States*, 136 S. Ct. 1257 (2016), held that *Johnson* applies retroactively. As a consequence, Francis's proper remedy is a second or successive motion to vacate under Section 2255(h)(2), which authorizes a second or successive motion under two circumstances, specifically:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Francis's remedy lies in Section 2255(h)(2), but not in a district court, which as *Burton* instructs, lacks jurisdiction to review a second or successive motion without the requisite authorization from the circuit court. Francis's obtaining relief under *Johnson* and *Welch* starts with an application for leave to file a second or successive motion under Section 2255, which motion he must file with the circuit court.

Because his request for authorization to file a second or successive motion is pending in the circuit court, Francis requests the district court to hold in abeyance his present motion.  As *Burton* explains, the district court lacks jurisdiction.  A district court cannot hold in abeyance an action over which it lacks jurisdiction.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**.  The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Francis is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Francis must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the motion to vacate is clearly second or successive, Francis is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Francis must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 27, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE